18-5421 Kenneth Bisig, et al. v. Time Warner Cable 18-5483 Kenneth Bisig, et al. v. Time Warner Cable Oral argument as follows, 20 minutes per side Mr. Victor B. Maddox for the Plaintiff's Appellant's Cross Appellees Good morning, Your Honors. May it please the Court I am Victor Maddox and with my co-counsel Mary Ede It's our privilege to represent 10 individual Kentuckians in this appeal today Dan Carter, John Doyle, Rebecca Fisher, Jason James, Tom Candle, Chris Sean Rigsby are with us here today Ken Bisig, Mark Lopez, Mike Sheets, and John Cade could not be with us Each of these individuals was the victim of a scheme and a pattern of conduct by Time Warner Cable that the District Court found to be outright deception And the Court was right in that judgment But he erred when he granted summary judgment on the single basis that the reliance by the appellants which in Kentucky is nearly always a question for the jury was nevertheless unreasonable as a matter of law The District Court made three errors that I would like to highlight today First, it overlooked that the plaintiff's reliance on the promises that are undisputed in this record  Their reliance was that they forewent alternative job opportunities and therefore gave up the opportunity to find and obtain other employment because Time Warner induced them deliberately to remain with Time Warner during the course of the corporate transition This scheme and that purpose When did the false statements actually start? The false statements, Your Honor, started in, as I recall, March of 2012 And certainly no... So after the onboarding process? Yes, Your Honor But soon thereafter? Yes, Your Honor And the first instance I'm aware of from the record, Your Honor for sure was in April of 2012 when there was a general meeting held by high-level Time Warner executives at which some, not all, of the appellants attended And those statements went on, Your Honor, for the better part of 18 months In fact, the testimony we've quoted in our brief from John Doyle makes clear that Rob DiLeo, who was the boss of their boss spent the year selling in the benefits of staying with Time Warner And they were specifically told that there would be jobs post-transition for these people if only they would stay And that they would have specific portfolios consisting of 5,000 high-quality units in the multi-dwelling complexes that each of the appellants were responsible for That was a lie, Your Honor Your clients were skeptical about whether that was true, right? They developed skepticism as the process developed, Your Honor That is correct And I think you've highlighted an important point At the August 19, 2013 meeting Excuse me, at the August 30, 2000 meeting which was held by Time Warner, if you recall following the high-level discussion and strategy session by the top executive, Chris Van Naem who had been told about the anxiety that the appellants had He wanted to know who had positioned the transition in such a way that would raise their anxieties And so after Gary Glauberman told them that they would have these 5,000 units they called a second meeting And that meeting was with Beth Bennett, the HR director and Rob DiLeo, the boss's boss And when Mike Sheets specifically said we have concerns about whether there are 5,000 units Rob DiLeo said, no, that's not true There are 5,000 units That was a specific and deliberate lie about an actual fact, Your Honor And as you know from the Flegals case the Kentucky Supreme Court has made clear that a disclaimer is wholly ineffective in insulating a promisor such as Time Warner from fraud about actual facts And the Western District of Kentucky has made that same proposition clear in the Long John Silver's case where Judge Habron, the late Judge Habron said plainly that when you're lying about actual facts the disclaimer is irrelevant It's not operative For that matter, the Radio Shack case which Flegals Yeah, but didn't the Western District say in Turner that if you're an at-will employee you're not going to be able to rely on He did, Your Honor He did, Your Honor And Turner, of course, as a federal district court case does not establish Kentucky law It can't Because we know that from this court's Woodruff decision in 1980 I'm sorry Is Turner wrong? Turner may well have been wrong but for purposes of this appeal it doesn't matter because the only promise in Turner and Judge Habron pointed this out in Long John Silver's the only promise in Turner was the promise of a long career Now that's nothing more than a promise that is in contradiction to at-will employment because at-will employment means you can be fired on a moment's notice So if you know that you're an at-will employee and you claim that you were promised a long career you don't have any injury that is separate and distinct from your status as an at-will employee and that, frankly, is bedrock law as Time Warner would say Then what's really different about this? I mean, the oral promises that you claim were made to your clients are really just that there's going to be enough work for all of them They're going to have some longevity in their jobs I mean, what's different about this? That question, Your Honor, goes to the very heart of the distinction here What's different is that Time Warner knew that it was not yet ready to transition to its so-called one TWC program and that if the appellants, Bissig and his colleagues left Time Warner in 2012 when the merger was in effect or earlier in 2013, they would go to AT&T AT&T would... So it turns on the motive of Time Warner? It turns on the motive in part according to the Kentucky Supreme Court in the Rickert case The court there made it very clear that the motive that UPS had in inducing the pilot's reliance was they needed Rickert to continue flying cargo for UPS So an at-will employee becomes not an at-will employee if the employer has some kind of bad motive in making a representation to that employee Is that the rule? No Well, that sounds like to me that's the rule you're advocating That is the rule Your Honor, I should just say I wanted to reserve 8 minutes for rebuttal so I should have told you that sooner The rule is not whether there is a bad motive because at-will employment allows an employee... What's the rule? What makes an at-will employee not an at-will employee in your theory of the case? It's not a question of whether there's at-will employment or not The at-will doctrine says you can't convert your at-will employment into a contractual employment You can't change your status by becoming an employee who is protected for some definite period What the Rickert case said and what the controlling progeny of Rickert in Brown and Oliver v. Hilliard Lyons all free say is that where you have relied on a promise by foregoing alternative employment then you have a cause of action for fraud or promissory estoppel Well, it is the bad motive No, it isn't the bad motive Your Honor, it is the effect on the employee wholly apart from the motive It's the injury to the employee Yes, Your Honor It is the nature of the injury So, if you're an at-will employee but you're going to be hurt by your employer's actions Then you're not an at-will employee No, you are an at-will employee and you could be fired at any time but if you have been induced to forego alternate employment then you have a claim for fraud Is that in the record that this whole thing about AT&T Did they have definite offers from AT&T or was it just a general time warner was trying to prevent them from departing Your Honor, there is an undisputed record that there were opportunities for them to go to work for AT&T and in our brief In what form would that be found in the record? It would be found in the record testimony of, among others, the John Doyle testimony but as importantly, Your Honor the testimony we've quoted of Gary Glauberman Now, Gary Glauberman was a high-level executive of Time Warner and on August 21, 2013 he wrote a memo to his superiors saying that all of these appellants will not like this new plan and they will lose a lot of money and we expect they will all go to AT&T as has been happening already AT&T was taking Time Warner's employees They did not want AT&T to take these employees because these employees, Your Honor were responsible Well, if they didn't want them to leave you'd think they would have made it a little more attractive for them to stay But that's the point, Your Honor They did make it attractive for them to stay and we've quoted the Rob DiLeo email where he says that he had spent a year selling the benefits of staying and the Gary Glauberman email makes it clear that because of those representations these people stayed and they could go and as soon as they learned about the new plan they would go to AT&T I don't understand Why is that not just a guarantee of tenure in your job? It's not a guarantee They're induced not to go look for another job i.e. you should stay and you have a job here as long as you don't go look for something else How is that not inconsistent with the acknowledgement that they're at-will employees? It's not inconsistent, Your Honor because the Kentucky Supreme Court and the Kentucky Court of Appeals have said But in Rickert, he wasn't an employee of the company, of UPS and he hadn't signed anything, acknowledged anything that he was at-will, didn't say anything But in Oliver, Your Honor, all of those things are true Time Warner claims in their brief that there is no case in Kentucky where there was an employee who was promised by his employer who had signed a disclaimer or an acknowledgement That is not true The Oliver case does exactly that and they claim that Oliver had not acknowledged his disclaimer The record in that case is perfectly clear that he had signed a retention pool agreement personally signed it He himself put that agreement into the record in the Oliver case and the court then said that under these circumstances, Rickert controls So the Supreme Court has made the difference between relying on a future promise of employment during a transition for the benefit of the employer and simply giving up at-will employment Your Honor, I see that my time is up If there are no other questions I'll reserve the remainder of my time for rebuttal Thank you Thank you May it please the Court I'm Celeste Cresswell of the firm Cabot, Chapman & Osmer I represent the defendants Time Warner Cable, who is also the appellee and cross-appellant with me is my colleague, Joseph Osmer I would like to reserve three minutes with respect to the cross-appeal, Your Honor Every time I have mentioned this case to an employment lawyer especially a Kentucky employment lawyer they've kind of scratched their head and said What do you mean? So they were at-will employees They acknowledged they were at-will employees but they're basing claims on oral promises that they had secure employment and that they had secure compensation How can that be? Oral promises that your client made, right? Your Honor The record is pretty clear that high-level people were telling these employees that they were going to be fine they were going to have jobs they were going to be guaranteed a certain number of units or whatever it is Do you all dispute whether those statements were made? Your Honor We dispute what the statements what impact the statements have and what their content would be So we dispute that they would have been specific enough to create any kind of a contract particularly in light of the disclaimers that said you're at-will unless there's a written agreement to the contrary So I think that's where we have to start in this case and that's where Rickert didn't start So would it be fair to say that your argument was just that you disagree as to the extent and the degree not the general substance of the statements being made but you would dispute to some extent the content? Certainly, Your Honor We don't dispute like most employers wouldn't dispute that when they're going through a transition they would like to keep employees so that the transition is smooth There's nothing wrong with that Every statement, every alleged promise that has been referenced by the plaintiffs in this case is forward-looking It's a projection, a prediction Not only are they forward-looking and therefore can't form the basis of this fraud claim But they were told you're going to do better now in the future than you've been doing in the past and that was said to them fairly constantly, wasn't it? Your Honor, it still is a prediction about future events and the plaintiffs say that was based on the notion It's a prediction about future events based implicitly on the current situation on the facts that exist now Your Honor, I would say It's also a representation implicitly about facts But the fact is what the representation is that they say was made is as to how many units there would be in the future and Tom Moore had no control over that how many multi-dwelling units there are in this area You know, the person, if they made that representation they don't have any control over whether that turns out to be true 18 months into the future Your Honor Assuming you could characterize the plaintiff's action as akin to a fraud action because it would be that the theory would go sort of despite the fact that the at-will employment clearly articulated in the contract these misrepresentations were made would the theory be that you can't have a cause of action for fraud because they're at-will employees or would the theory be more along the lines of they couldn't reasonably rely on any oral promises that were contrary to what was in the written agreement? It's the latter, Your Honor, with an addition They're at-will employees and Kentucky law is that an employer has to have a clear intention to change someone's at-will status and in this particular case all of the employees acknowledged that that clear intention that Kentucky law requires could only be provided in a written agreement signed by an authorized representative not by oral representations or predictions about what might happen into the future as to how many units there might or might not be, Your Honor That's the difference in this case and Rickert, that's the difference in this case and other fraud cases That's why if the plaintiffs in this case have these claims it would open the floodgates with respect to employee claims Every employee would be able to try to find some representation that was made to them about what would happen in the future despite acknowledging they were an at-will employee and that their status could only change if there were a written agreement Maybe the employer shouldn't deceive them I mean, it would open the floodgates if they were lied to, right? Your Honor, we dispute that they were lied to That is a salient question that ought to go to the jury It doesn't go to the jury here because Rivermont, Turner, every other case that talks about at-will employment Rickert doesn't talk about at-will employment I'm talking about fairness I'm not talking about some case right now You don't go out and lie to people and if it's a question of fraud if that's of intent whose intent and what is the intent that normally is decided by a jury where there's a factual dispute It looks like to me that's what you've got here Your Honor, it can't be It doesn't need to go to the jury because in this case the plaintiffs said they knew what they alleged to be false and they were in a better position to know what the market would hold than the folks they say made the representations to them The plaintiffs had been working in the market So if they have a claim then an employee who goes in and goads someone into making what they believe to be a false representation based on their own personal knowledge then they would have a claim They can't have reasonable reliance and there is no injustice or unfairness in that scenario Can't they have reasonable reliance on what they were told many times verbally by the higher-ups at Time Warner? For two reasons One, they acknowledged their at-will status and what that meant and two, they had the ability to ascertain for themselves the truth of those statements and in fact they did Are the statements just acknowledging at-will status is that enough or do you all really need the offer letter too to be in evidence because it's very specific about no modifications no oral modifications there are no promises I mean that letter is very specific, right? But right now it's not in evidence, right? That's true, Your Honor Can you get to where you need to go with just the at-will statements acknowledgements? Absolutely For several reasons One, the important notice says exactly what we needed to say It says you acknowledge you're an at-will employee and that unless there's a written agreement to the contrary you're going to continue to be an at-will employee They don't dispute that they knew what at-will employment meant It meant they could be terminated at any time That's why they asked Hey, we're worried about this Aren't we eligible for severance? If they didn't anticipate that they might not have a job because they were at-will they wouldn't have asked that question So there certainly is now the offer letter does in more detail describe what at-will employment is but it's entirely consistent with the important notice which says at-will and the plaintiffs agree they knew what at-will meant It means you're not promised a job into the future It means your compensation is not secure It can be changed That everything can change because you've agreed that you're going to have this job and be paid this money and be an at-will employee That was the bargain So everything that's in that offer letter is essentially embedded in the concept of at-will employment under Kentucky law And plaintiffs are deemed to know that I'll tell you, Your Honor I think if we compare it to what the statement was in Turner So in Turner the disclaimer was in the application It said at-will may terminate at any time It was in a confidentiality agreement It said in the absence of a specific employment agreement in writing they could be terminated at any time And it was in the policy manual Unless there's a written agreement they can be terminated at any time The company's policy is to be an at-will employer All those words are saying the same thing as the important notice And I should also point out that it wasn't just in the important notice It was in the employment at-will policy It was in the compensation plan that they had with Insight before the transition It was in the Time Warner Commission plan after the transition Every document along the way told them that they were an at-will employee and what that meant in the same way as in Turner The plaintiff said that there was only one promise in Turner But there were actually What about the Oliver case though? Didn't he have an agreement too? In Oliver To prevent the cause of action, did it? In Oliver the disclaimer was not He didn't have the disclaimer until after he was fired It was read to him over the phone after the fact So Oliver is completely distinct from these facts Turner is not, but Oliver is These employees had knowledge all along the way And in fact, they had knowledge superior As it turns out their prediction was more accurate When they went through this onboarding process did they get copies of these documents? It would have been an electronic onboarding So what does that mean? They would have had to print them out Or how would they These offer letters Should they have had the offer letters in their own files? I don't think so, Your Honor We engage in For one, there's the Federal Electronic Signature Act So you can sign a contract electronically As well as We enter transactions like that all the time Online, every day But if they say, I want a copy of it Do they get a copy? Your Honor, yes I think you can have a copy of it If you ask for it I don't think there's any record that these plaintiffs asked for it They knew, they know the content of it They never have disputed it Except to the extent they suggest that Are they right in saying that The way they learned of it Was simply On an electronic basis somehow And they were asked simply to Make a check mark, so to speak Electronically Your Honor, they were asked to expressly acknowledge The important notice that we've been talking about And they don't dispute that They specifically said in their reply brief That they do not dispute What was that process exactly? What happened electronically? It was an electronic onboarding process Where they would go through Several documents, Your Honor And acknowledge them Just like It's the same process you go through on paper You look at a document You acknowledge it You say, yes, I acknowledge that And they don't dispute that they acknowledged it Electronically Yes, Your Honor Going back to Turner There were two promises in that case The second was that the employee would have a job Until the sale of the division was complete That's the same sort of promise That they say is made here Your Honor We can't change the promises on appeal And that is essentially what the plaintiffs Have tried to do in their reply I want to The nature of the action They said in the first admitted complaint That the nature of the action What the promises were On which they based their claim Was that That Time Warner promised the plaintiffs That their jobs were secure Their pay would increase And the job itself would be even better That's what they told them That's what the plaintiffs allege That's what the basis of their claim is And all of those promises Are disclaimed by the important notice By the employment at will policy In the compensation plan And in the commission plan What do you mean? Specifically? I don't understand what you mean They said They didn't say that These things were not said to us verbally They didn't take that back, did they? I'm sorry, Your Honor Could you say that one more time? They didn't say That the Time Warner executives Did not say These things that they now claim Specifically That the Time Warner executives Said to them in order to keep them on Right? Your Honor So it gets back to To me What they're saying is We Agreed to the at will But we also understood that They were telling us Even so You're not going to get fired And things are going to be good Right? So it's the difference between An oral representation By someone who wouldn't have been You know, who could only sign A written agreement to change things And You know The situation in Rickert Was completely different Not an employee Different situation Your Honor They These employees Often believe what they're told verbally They do But these plaintiffs didn't These plaintiffs anticipated There wouldn't be enough units With regard to the specificity Of the disclaimer Essentially What the plaintiff's argument Boils down to is They wanted Time Warner To anticipate Every specific statement That anybody Who supervised these folks Might have said to them And specifically disclaim it The world can't work that way Employers can't do business that way The at will Doctrine Would collapse If that were the case There are There is no case And that includes Oliver Where an employee Acknowledged That they were at will And that that could only be Their status could only be changed In one way And then Then said Oral promises Could change it anyway But why wasn't the plaintiff in Rickert Why isn't he in some sense worse off I mean he wasn't even an employee Which is a distinction But why does that make it a better case For you Or I'm not sure I'm making sense here But he's not even an employee They And yet he can rely on Certain promises When you're an employee Why can't you rely on the promises Is it just I mean isn't he worse than at will I mean he's not even anything The reason that it's different Is the starting point The expectations And what the framework of reasonable reliance is The Rickert plaintiffs Framework of reasonable expectations And reliance Is completely different than these plaintiffs Framework of reasonable reliance They started out Here And they wanted to go there All right Rickert Here meaning they started out As current employees Having acknowledged they were at will Right They were there They agreed to those terms And In order for us to change those terms The bargain was There had to be a written agreement that changed it And that didn't happen So That was not the case in Rickert That was not the starting point All right Thank you As your honors know This case is controlled by Kentucky law And the only case That Time Warner relies on Is Turner Turner is not Kentucky law You know You're fighting against Kentucky law I mean you're fighting against So I mean I don't think it's It's not productive At least for me to hear you start out saying The only Kentucky case That they have to rely on I mean they have the All the understandings that exist In Kentucky law Just like the law of any other state That have strong at will employment doctrines That is Supportive of their position So I think I don't think It helps you to characterize Their view as a minority view Your honor The controlling law in this case Is Rickert and Oliver This is an important point Time Warner continues to claim They just told the court That the Oliver case did not involve An acknowledgment of the limitation That led to the fraud claim That's simply not true If you look at the Oliver case The court says very clearly That the plaintiff entered into A retention pool agreement It says that At page star one Oliver entered into a Quote retention share pool agreement With Hilliard Lyons By the terms of the agreement The majority of the money Would only be paid in later years He signed the document Later in the case your honor The court makes clear That the plaintiff and Oliver himself Put the contract that he had signed Into the record of the case At star five In this case Oliver set forth evidence Of the existence of the contract Executed by himself Now the only distinction That they want to make Is that he didn't get a copy of it Until after he was fired Your honors In this case We saw the so called Important disclaimer Clicked across an electronic screen We never got a copy of it We were never told We could have a copy of it To the extent that Counsel says Of course you could get a copy of it There's nothing in the record for that More importantly We didn't get a copy of it either They didn't know that they were At will employees They did know your honor And here's why that's important And this is why Kentucky law Is so important here In Kentucky It doesn't matter Whether you know or not The operation of the at will doctrine Is what it is It isn't become a super doctrine That bars the Claim for fraud And promissory estoppel Simply because it's put into writing Now the supreme court says In Rickert And the court of appeals Says in Oliver That where you know your distinction But you're relying to your detriment By foregoing alternate employment You have a claim for fraud And it can't be taken away By the court The difference is There was this at will notice The at will notice And your honor asked the question Whether the at will notice And the offer letter are different Well they're very different Because words matter In documents and contracts The at will notice Doesn't say anything about Relying on oral promises It doesn't say anything about How you can modify Your future relationship The offer letter does More importantly your honor But isn't the offer letter Just a reflection Of what Kentucky law is No your honor The important notice Is a reflection Of what Kentucky law is And you're exactly right When you say that The important notice Simply captures Kentucky law Regarding at will And puts it into a document The offer letter goes farther Do you agree that If the offer letters Are considered in this case That you lose No We don't lose your honor Because as Flegals points out And as Rivermont points out Excuse me Radio Shack Disclaimers like that Especially in a case like this Where there are lies About actual facts Are merely evidence Of whether reliance Is reasonable or not And that has to be for a jury And of course Kentucky law Is very clear that Reasonableness of reliance Is nearly always a question For the jury Here's an important point Kentucky law says In the Tackett case Versus comprehensive Mountain care Mountain comprehensive care That's a court of appeals Of Kentucky case 2009 It's cited by the western district In the street Versus US corrugated case That we cite in our brief What that case says is That whether you are on notice Or not The operation of the at will doctrine Is what it is So the force of the doctrine Is not dependent On whether you have been Given a notice that says You're an at will employee As the street case says The subjective understanding Of the employee Is inconsequential I believe that's a quote And the reason that's important Your honor is because It goes to the very thing Of Rickert Why does it matter That Rickert was not an employee And our plaintiffs were The supreme court of Kentucky Says that the at will doctrine Is no bar to a fraud Or promissory estoppel claim And so the only reason In context of whether You could limit the guys Damages though right No your honor It didn't say It wasn't really talking about The substantive claim In that language The case It's difficult to discern exactly But we know that UPS Raised the at will doctrine As a limitation on damages Right We don't know whether this guy Was going to get fired or not Or whatever It's speculative To give him future damages Correct What they said was That because every cause of action Requires an injury You can have The other elements Of the cause of action But because you can't Claim injury Your cause of action fails It wasn't just that we wanted To go have a trial on damages They said you never get to court And the supreme court said Oh yes you do And that the Hanson case Supplies the The break if you will On the runaway claims That Time Warner is concerned about The court's not going to be clogged Because Pauline's chicken Which Hanson Cites and relies on Says all of your damages Have to be reasonably What about this characterization Of what you're trying to argue Assuming you're able to Assert a fraud claim Your clients knew They were at will employees They were suspicious About the representations That were made to them They didn't think There were going to be enough units I mean they had a Fair amount of knowledge About the improbability Of the representations That they allege Were made to them And that's why Isn't it reasonable or correct To say That there's no genuine issue Of material fact That they did not rely That that's what the record shows And they did not reasonably rely Both as a matter of law What's wrong with that characterization Because even after They raised those concerns They were once again Continually promised That there were those units The statement could not be more clear We have questions about whether there's 5000 units No that's not true There are those units That your honor is based on the considered analysis Of the second largest Cable company in the country And we're being told These ten little salesmen over here Don't worry about your own concerns We've studied the market And we know better You're going to have those portfolios I promise you that That's what they said on August 30th your honor And it wasn't true The reason why the case has to be reversed In light of that record Is because Flegals and Radio Shack Make clear that when you're talking about actual facts These are not simply forward looking promises You're talking about actual facts We're giving you that portfolio Your time is up Thank you your honor With respect to the Cross appeal Which we haven't touched on yet The district judge As you've noted excluded the offer letters That Does not impact The propriety of the Judge's summary judgment order Don't you have a much stronger case If you have those letters though I think the plaintiffs would concede that I will not because The important notice says the same thing And they got it How many pages of documents was it? How many pages of When you produced These offer letters I think each one was one page So 10 plaintiffs, 10 pages So it was only 10 pages of documents And when you say Late I think we need to put that in perspective As soon as It was realized they had not Been produced And they should have been, they were But you're not arguing on appeal If I read your brief correctly That you produced them in a timely manner We are not So you concede that it wasn't timely We concede that it was not timely produced Except to the extent Why? I mean it seems to me if you Find documents late You produce them within 30 days Before the discovery cut off You have an argument that you were Timely, right? They were produced Timely in the sense that as soon as It was realized they had not been Produced and they existed Then they were produced But is that what 26E means when it says in a timely manner? Yes your honor because you can't Supplement if you don't know you need to supplement Well at what point In the litigation were they provided? They were provided two weeks Prior to the 30B6 deposition Of Tom Warner So the plaintiffs got 10 pages Which was no surprise To them because they were their Offer letters that they had already seen And it was no surprise because They knew at will employment Was really the crux Of Tom Warner's defense from the inception Of the case So no surprise But you conceded earlier that they were electronic documents And that you They wouldn't necessarily have copies of them Maybe they saw them but you Actually had the copies We did I'm curious Did you offer any evidence Of what you did and why They were produced late? I mean is there an actual Affidavit or declaration From this Beth Bennett person Or is it just the representations Of counsel? There is not an affidavit and Beth Bennett Wasn't asked in the deposition But why didn't you offer an explanation To the court like hey We have this other database We forgot to check it We did as soon as we did We produced the document You didn't offer an explanation I think there was an explanation offered And it was as explicit As it could have been Or it needed to be in regard to this situation Which was Logic And common sense dictate That if we had The offer letter All it did was help us There was no reason to withhold it So the explanation is As soon as we realized it existed Let me ask you real quick Did they ask for an extension Of discovery or Did they do a meet and confer Or did they just file the sanctions motion? Did they ask you to Reopen any depositions or anything like that? No your honor And you all must have said something In your response to the motion Didn't you? Our response to the motion was They were produced As soon as we knew we needed to produce them And they weren't a surprise and under the how factors They shouldn't be excluded Was your claim that you didn't know You were supposed to produce them Or that you didn't realize you hadn't? The latter your honor It would have been well within our interest To produce them if it had been Apparent to us that they existed Okay Alright we considered the case carefully And Thank you for your argument